UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

*In re:*

GILMA MARTIZA MONCADA,    Case No.: 15-16201-AJC

    Debtor.    /    Chapter 7

**MOTION PURSUANT TO RULE 9019 TO APPROVE SETTLEMENT AND COMPROMISE CONTROVERSY BY AND BETWEEN JACQUELINE CALDERIN, CHAPTER 7 TRUSTEE, HECTOR ALFONSO BARAHONA AND THE DEBTOR**

**ANY INTERESTED PARTY WHO FAILS TO FILE AND SERVE A WRITTEN RESPONSE TO THIS MOTION WITHIN TWENTY-ONE (21) DAYS AFTER THE DATE OF SERVICE STATED IN THIS MOTION SHALL, PURSUANT TO LOCAL RULE 9013-1(D)(2), BE DEEMED TO HAVE CONSENTED TO THE ENTRY OF AN ORDER GRANTING THIS MOTION. ANY SCHEDULED HEARING MAY THEN BE CANCELED.**

Jacqueline Calderin, Chapter 7 Trustee (the "Trustee") of the Bankruptcy Estate of Gilma Martiza Moncada, (the "Debtor"), by and through undersigned counsel, files this motion pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and Local Rule 9013-1(D) for entry of an order approving the settlement by and between the Trustee, Hector Alfonso Barahona and the Debtor (the "Motion"). In support of the Motion, the Trustee states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b) and 1334.

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This is a core proceeding under 28 U.S.C. § 157 (b)(2).

## BACKGROUND

4. On April 6, 2015 [ECF #1] (the "Petition Date"), the bankruptcy cases of *In re Gilma Maritza Moncada,* No.: 15-16201-AJC and *In re Hector Alfonso Barahona,* No.: 15-16202-AJC (collectively, the "Bankruptcy Cases"), were commenced when Hector Alfonso Barahona and the Debtor (collectively, the "Debtors") filed individual voluntary petitions for relief under Chapter 7 of Title 11 of the United States Code.

5. The § 341 Meeting of Creditors was held and concluded on May 6, 2015 at 2:30 p.m. [ECF#'s 2 and 14].

6. The Debtors are not married but have resided together for approximately 20 years and have two children together. Accordingly, the Debtors have filed separate bankruptcy petitions but share the majority of their personal property including bank accounts, vehicles and household goods. The Trustee and her professionals reviewed the Debtors' Schedules as well as additional documents and records supplied by them. The Debtors claimed certain personal property as exempt under section 222.25(4), Florida Statutes (the "Claimed Exemptions").

7. The Trustee has alleged that the value of Debtors' personal property exceeds the exemption caps allowable under F.S.A. 222.25 et seq.

8. The Trustee and the Debtors have conferred to discuss their respective positions and have otherwise negotiated in good faith. The Trustee and the Debtors have agreed to settle the Trustee's claims in order to allow the Debtors to retain their personal property and in order to avoid the uncertainties and expense of litigation (the "Settlement").

## PROPOSED STIPULATIONS

9. Accordingly, the Trustee and the Debtors have agreed to settle all matters between them pursuant to the terms set forth in the Joint Settlement Agreement (the "Agreement"), a copy of which is attached hereto as **Exhibit "A"** and fully incorporated herein

2

by reference. Approval of the Agreement is being sought contemporaneously in both Debtors' cases.

10.     Pursuant to the Agreement, Debtors shall pay the Trustee in the form of a money order or a cashier's check payable to "Jacqueline Calderin, Trustee, for the benefit of the Estate", the total sum of Four Thousand Dollars and 00/100 ($4,000.00) (the "Payments"), over ten (10) months in the amount of $400.00 per month or provide a lump sum payment in the amount of Three Thousand Five Hundred Dollars and 00/100 ($3,500.00) on or before July 30, 2015 (the "Total Settlement Amount"). The Total Settlement Amount shall be allocated to the following non-exempt assets in each of the Debtors' cases as follows:

*In re Gilma Maritza Moncada,* **No.: 15-16201-AJC**

| Scheduled | Property Description | Amount |
|---|---|---|
| B-13 | Moncada Services, Inc. | $ 250.00 |
| B-4 | Household Goods | $1,000.00 |

*In re Hector Alfonso Barahona,* **No.: 15-16202-AJC**

| Scheduled | Property Description | Amount |
|---|---|---|
| B-3 | Security Deposit | $1,000.00 |
| B-13 | Moncada Services, Inc. | $ 250.00 |
| B-4 | Household Goods | $1,500.00 |

11.     The Payments or Total Settlement Amount shall be delivered to the Trustee's counsel's office at 501 Brickell Key Drive, Suite 300, Miami, Florida 33131.  **The checks must clearly state the name of the Debtors and the case numbers**.

12.     Pursuant to Paragraph 5 of the Agreement, if the Debtors default in timely remitting the Payments as set forth above or otherwise default in any other provision set forth in this Agreement, then the Trustee shall notify the Debtors of such default immediately in writing by U.S. Mail or Electronic Mail to counsel for the Debtors.  If the Debtors do not cure the default within five (5) days of such notice from the Trustee, then the Trustee shall be entitled to (i) commence litigation against the Debtors, (ii) the entry of a final judgment against the Debtors for

the Total Settlement Amount and the Trustee's reasonable fees and costs incurred in enforcing this Agreement upon motion and notice; and (iii) file objections, motions for reconsideration, or turnover actions as are appropriate and Paragraph 4 of this Agreement shall become null and void. Additionally, in the event the Debtors fail to make the aforesaid Payments on a timely basis, the Trustee shall be entitled to a revocation of each of the Debtors' discharges by motion pursuant to Rule 9024, Fed. R. Bank. P., and the Debtors explicitly waive the requirement of an adversary proceeding for such matter.

## BASIS FOR RELIEF

13.  This Motion and the Agreement should be approved because the Total Settlement Amount will provide a distribution to creditors that would not otherwise be available without the costs to the creditors or the estate otherwise associated with the recovery of the value of the Debtors' non-exempt assets. As such, the Agreement is fair and equitable and is in the best interests of the estate and its creditors. In addition to approval of the Settlement, the Trustee seeks a finding from the Court that notice upon all appearances of record and creditors who have filed proofs of claim or who have asserted an interest in the Debtor's estate is sufficient notice to parties, pursuant to Local Rule 2002-1.

14.  Pursuant to F.R.B.P. 9019(a), the Court may approve a compromise or settlement. Approval of a settlement in bankruptcy proceedings is within the sound discretion of the court and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion. *See In re Arrow, Inc*., 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988). In determining the reasonableness of a settlement, the test is whether the proposed settlement "falls below the lowest point in the range of reasonableness." *Id*. at 891.

15.  The legal standard for approval of settlements in the Eleventh Circuit is set forth in *In re Justice Oaks, II, Ltd*., 898 F.2d 1544, 1549 (11th Cir. 1990) cert. denied, 498 U.S. 959

**EHRENSTEIN CHARBONNEAU CALDERIN**
**501 Brickell Key Drive ∙ Suite 300 ∙ Miami, FL 33131 ∙ T. 305.722.2002 ∙ F. 305.722.2001 ∙ www.ecclegal.com**

(1990). Justice Oaks requires that the Court consider the: (1) the probability of success in litigation; (2) the difficulties, if any, to be encountered in the matter of collection; (3) the complexity of the litigation involved and the expense, inconvenience, and delay necessarily attending it; and (4) paramount interest of the creditors and a proper deference to their reasonable views in the premises. Based on the forgoing, the Trustee believes that the Agreement satisfies the *Justice Oaks* standard and is in the best interest of the Estate.

16. In addition to approval of the Agreement, the Trustee seeks a finding from the Court that notice upon all appearances of record, creditors who have filed proofs of claim, or who have asserted an interest in the Debtor's estate is sufficient notice pursuant to Local Rule 2002-1.

WHEREFORE, the Trustee, Jacqueline Calderin, respectfully requests that this Court enter an order; (a) granting the Motion; (b) approving the terms of the Agreement described herein; and (c) granting any further relief as the Court deems appropriate.

*I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).*

> EHRENSTEIN CHARBONNEAU CALDERIN
> *Counsel for Chapter 7 Trustee*
> 501 Brickell Key Drive, Suite 300
> Miami, Florida  33131
> T. 305.722.2002     F. 305.722.2001
>
> By:     /s/ *Nicole Grimal Helmstetter*
>         Nicole Grimal Helmstetter, Esq.
>         Florida Bar No: 86937
>         ngh@ecclegal.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing was served by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case and to the parties listed on the creditor matrix on July 20, 2015.

EHRENSTEIN CHARBONNEAU CALDERIN
*Counsel for Chapter 7 Trustee*
501 Brickell Key Drive, Suite 300
Miami, Florida 33131
T. 305.722.2002      F. 305.722.2001

By: _____
Nicole Grimal Helmstetter, Esq.
Florida Bar No: 86937
ngh@ecclegal.com

15-16201-AJC Notice will be electronically mailed to:

Jacqueline Calderin
calderintrustee@gmail.com, jcalderin@ecf.epiqsystems.com;yruiz@ecclegal.com

Jacqueline Calderin on behalf of Trustee Jacqueline Calderin
calderintrustee@gmail.com, jcalderin@ecf.epiqsystems.com;yruiz@ecclegal.com

Nicole M Grimal on behalf of Trustee Jacqueline Calderin
ng@ecclegal.com, nsocorro@ecclegal.com;bankruptcy@ecclegal.com

Nicole Grimal Helmstetter on behalf of Trustee Jacqueline Calderin
ngh@ecclegal.com, bankruptcy@ecclegal.com;nsocorro@ecclegal.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Robert Sanchez, Esq on behalf of Debtor Gilma Maritza Moncada
court@bankruptcyclinic.com, courtECFmail@gmail.com

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113C-1<br>Case 15-16201-AJC<br>Southern District of Florida<br>Miami<br>Mon May 11 12:15:51 EDT 2015 | Bby/Cbna<br>50 Northwest Point Road<br>Elk Grove Village, IL 60007-1032 | (p)BANK OF AMERICA<br>PO BOX 982238<br>EL PASO TX 79998-2238 |
| Cap One<br>26525 N Riverwoods Blvd<br>Mettawa, IL 60045-3440 | Cap1/Bstby<br>26525 N Riverwoods Blvd<br>Mettawa, IL 60045-3440 | Carico International<br>2851 W Cypress Creek Rd<br>Fort Lauderdale, FL 33309-1781 |
| Ccmk/Cbna<br>Po Box 6497<br>Sioux Falls, SD 57117-6497 | Central Finl Control<br>Po Box 66044<br>Anaheim, CA 92816-6044 | Chase Card<br>Po Box 15298<br>Wilmington, DE 19850-5298 |
| Comenity Bank/Vctrssec<br>220 W Schrock Rd<br>Westerville, OH 43081-2873 | Mcydsnb<br>9111 Duke Blvd<br>Mason, OH 45040-8999 | Office of the US Trustee<br>51 S.W. 1st Ave.<br>Suite 1204 VIA CM/ECF<br>Miami, FL 33130-1614 |
| Portfolio Recovery Ass<br>120 Corporate Blvd Ste 1<br>Norfolk, VA 23502-4962 | Portfolio Recovery Associates<br>c/o Federick J. Hanna & Associates, PC<br>7901 SW 6 Court #310<br>Fort Lauderdale, FL 33324-3283 | Radio/Cbna<br>Po Box 6497<br>Sioux Falls, SD 57117-6497 |
| Sears/Cbna<br>Po Box 6189<br>Sioux Falls, SD 57117-6189 | Sears/Cbna<br>Po Box 6283<br>Sioux Falls, SD 57117-6283 | Syncb/Brandsmart<br>Po Box 965036<br>Orlando, FL 32896-5036 |
| Syncb/Care Credit<br>Po Box 965036<br>Orlando, FL 32896-5036 | Syncb/Toysrusdc<br>Po Box 965005<br>Orlando, FL 32896-5005 | Target Nb<br>Po Box 673<br>Minneapolis, MN 55440-0673 |
| Td Bank Usa/Targetcred<br>Po Box 673<br>Minneapolis, MN 55440-0673 | Thd/Cbna<br>Po Box 6497<br>Sioux Falls, SD 57117-6497 | Tnb - Target<br>Po Box 673<br>Minneapolis, MN 55440-0673 |
| Wffnatbank<br>Po Box 94498<br>Las Vegas, NV 89193-4498 | Gilma Maritza Moncada<br>2901 NW 95 Terrace<br>Miami, FL 33147-2329 | Jacqueline Calderin<br>2525 SW 3 Ave #860 VIA CM/ECF<br>Miami, FL 33130-3529 |
| Robert Sanchez Esq<br>355 W 49 St VIA CM/ECF<br>Hialeah, FL 33012-3715 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Bk Of Amer
Po Box 982235
El Paso, TX 79998

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Miami                          End of Label Matrix
                                  Mailable recipients    27
                                  Bypassed recipients     1
                                  Total                  28

# EXHIBIT "A"
# SETTLEMENT AGREEMENT

**EHRENSTEIN CHARBONNEAU CALDERIN**
**501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com**

## JOINT SETTLEMENT AGREEMENT

**THIS JOINT SETTLEMENT AGREEMENT** (hereafter, the "<u>Agreement</u>") is made and entered into by and between Gilma Martiza Moncada and Hector Alfonso Barahona (collectively, the "<u>Debtors</u>") and Jacqueline Calderin, as Chapter 7 Trustee of the bankruptcy estates of Gilma Martiza Moncada and Hector Alfonso Barahona (the "<u>Trustee</u>", and together with the Debtors, the "<u>Parties</u>" and each individually a "<u>Party</u>").

### RECITALS

A.     On or about April 6, 2015 [ECF #1] (the "<u>Petition Date</u>"), the bankruptcy cases of *In re Gilma Maritza Moncada*, No.: 15-16201-AJC and *In re Hector Alfonso Barahona*, No.: 15-16202-AJC (collectively, the "<u>Bankruptcy Cases</u>"), were commenced when the Debtors filed individual voluntary petitions for relief under Chapter 7 of Title 11 of the United States Code.

B.     The § 341 Meeting of Creditors was held and concluded on May 6, 2015 at 2:30 p.m. [ECF#'s 2 and 14].

C.     The Debtors are not married and have filed separately but share the majority of their personal property. The Trustee and her professionals reviewed the Debtors' Schedules as well as additional documents and records supplied by the Debtors. The Debtors claimed certain personal property as exempt under section 222.25(4), Florida Statutes (the "<u>Claimed Exemptions</u>").

D.     The Trustee has alleged that the value of Debtors' personal property exceeds the exemption caps allowable under F.S.A. 222.25 *et seq*.

E.     The Trustee and the Debtors have conferred to discuss their respective positions and have otherwise negotiated in good faith. The Trustee and the Debtors have agreed to settle the Trustee's claims in order to allow the Debtors to retain their personal property and in order to avoid the uncertainties and expense of litigation (the "<u>Settlement</u>").

INITIALS:      Page 1 of 7

NOW, THEREFORE, in consideration of the foregoing facts and the terms, agreements, representations, and covenants set forth herein, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

### AGREEMENT

1. <u>Recitals</u>. The foregoing recitals are true and correct and are incorporated into this Settlement Agreement by reference.

2. <u>Approval</u>. The Parties acknowledge and agree that this Settlement is subject to the approval of the Bankruptcy Court by means of a final order, and therefore will not be binding until such order has been entered (the "<u>Final Order</u>"). Following the execution of this Settlement, the Trustee shall file a motion pursuant to Bankruptcy Rule 9019(a) in each of the Debtors' respective case, seeking Bankruptcy Court approval of this Settlement on negative notice.

3. <u>Payment</u>. The Debtors shall pay the Trustee in the form of a money order or a cashier's check payable to "Jacqueline Calderin, Trustee, for the benefit of the Estate", the total sum of Four Thousand Dollars and 00/100 ($4,000.00) (the "<u>Payments</u>"), over ten (10) months in the amount of $400.00 per month or provide a lump sum payment in the amount of Three Thousand Five Hundred Dollars and 00/100 ($3,500.00) on or before July 30, 2015 (the "<u>Total Settlement Amount</u>"). The Total Settlement Amount shall be allocated to the following non-exempt assets as follows:

*In re Gilma Maritza Moncada*, No.: 15-16201-AJC

| Scheduled | Property Description | Amount |
|---|---|---|
| B-13 | Moncada Services, Inc. | $ 250.00 |
| B-4 | Household Goods | $1,000.00 |

*In re Hector Alfonso Barahona*, No.: 15-16202-AJC

| Scheduled | Property Description | Amount |
|---|---|---|
| B-3 | Security Deposit | $1,000.00 |
| B-13 | Moncada Services, Inc. | $ 250.00 |
| B-4 | Household Goods | $1,500.00 |

INITIALS:  GM  HB

Page 2 of 7

The Payments or Total Settlement Amount shall be delivered to Trustee's counsel's office at 501 Brickell Key Drive, Suite 300, Miami, Florida 33131. **The check must clearly state the name of the Debtors and the case numbers.**

4. <u>No Action</u>. Upon entry of the Final Order by the Bankruptcy Court approving this Settlement and receipt of the Total Settlement Amount, the Trustee agrees that she will not commence or will withdraw without prejudice, any pending actions seeking turnover of any of the Debtors' personal property, challenging claimed exemptions recovery of the transfers, seeking revocation of their discharge, or seeking to dismiss their Bankruptcy Cases or convert the cases to cases under Chapter 11 or Chapter 13 of the Bankruptcy Code.

5. <u>Default</u>. Should the Debtors default in timely remitting the Payments as set forth above or otherwise default in any other provision set forth in this Settlement, then the Trustee shall notify the Debtors of such default immediately in writing by U.S. Mail or Electronic Mail to counsel for the Debtors. If the Debtors do not cure the default within five (5) days of such notice from the Trustee, then the Trustee shall be entitled to (i) commence litigation against the Debtors, (ii) the entry of a final judgment against the Debtors for the Total Settlement Amount and the Trustee's reasonable fees and costs incurred in enforcing this Settlement upon motion and notice; and (iii) file objections, motions for reconsideration, or turnover actions as are appropriate and Paragraph 4 of this Agreement shall become null and void. Additionally, in the event the Debtors fail to make the aforesaid Payments on a timely basis, the Trustee shall be entitled to a revocation of the Debtors' discharge by motion pursuant to Rule 9024, Fed. R. Bank. P., and the Debtors explicitly waive the requirement of an adversary proceeding for such matter.

6. <u>Mutual Release</u>. Upon entry of the Final Order, the Debtors will release and discharge the Trustee, her attorneys, and other professionals (in their capacities as representatives

INITIALS:  Page 3 of 7

of the Trustee), her employees, agents, subsidiaries, affiliates, predecessors, successors and assigns, and all other persons or entities acting on her behalf or at her discretion or control from any and all claims and causes of action, of any nature or type, whether known or unknown, arising out of, or related to the Bankruptcy Case or this Agreement. In addition, upon entry of the Final Order and after receipt of the Total Settlement Amount, the Trustee will release and discharge the Debtors and their professionals, employees, agents, subsidiaries, affiliates, predecessors, successors and assigns, and all other persons or entities acting on the Parties' behalf or at their discretion or control from any and all claims and causes of action, of any nature or type, whether known or unknown, arising out of, or related to their Bankruptcy Cases.

7. <u>Binding on Successors, Assigns, and Others</u>. This Settlement and the covenants and conditions contained herein shall apply to and be jointly and severally binding upon the Parties hereto and their respective heirs, executors, administrators, conservators, plan administrators, agents, trustees, legal representatives, servants, employees, committees, beneficiaries, predecessors, successors, attorneys, insurers, transferees, and assigns of the Parties.

8. <u>Reinstatement of Proceedings</u>. If the Settlement is not approved by the Bankruptcy Court, (i) the Parties shall possess all claims, rights, and defenses that they possessed prior to executing this Settlement, and (ii) the Trustee shall be entitled to file an objection to the Debtors exemptions and motion for turnover.

9. <u>Attorneys' Fees and Costs</u>. Each Party shall bear its own costs, expenses, and attorneys' fees incurred to date in connection with the Bankruptcy Case, including, but not limited to the preparation and filing of this Settlement.

10. <u>Advice of Counsel</u>. The Parties acknowledge that they have been represented by counsel of their own choice or given the opportunity to be represented by counsel in the negotiations leading up to the execution of this Settlement. The Parties further represent that

INITIALS: GM HB 

Page 4 of 7

they have read this Settlement and have had the opportunity to receive an explanation from legal counsel regarding the legal nature and effect of this Settlement, and each Party has had the opportunity to have the Settlement fully explained to them by their counsel and understands the terms and provisions of this Settlement and its nature and effect. Each Party further represents that it is entering into this Settlement freely and voluntarily, and not relying on the representation of any other Party or of counsel for any other Party.

11. <u>Entire Understanding</u>. This Settlement has been prepared after negotiations between the Parties and contains the entire understanding and agreement between and among the Parties with respect to the matters herein referenced. No other representations, covenants, undertakings, or other prior or contemporaneous agreements, whether verbal or written, respecting such matters, which are not specifically incorporated herein, shall be deemed in any way to exist or bind any of the Parties hereto. The Parties further acknowledge that neither Party has executed this Settlement in reliance on any promise, representation, nor warranty not expressly contained in this Settlement.

12. <u>Counterparts and Facsimiles</u>. This Settlement may be executed in several counterparts, all of which shall constitute one agreement, which agreement shall be binding upon all Parties notwithstanding that all Parties' signatures do not appear on the same page. Any signature in counterpart provided by email on this Settlement shall be deemed an original signature.

13. <u>Governing Law</u>. This Settlement will be interpreted and construed under the laws of the State of Florida regardless of the domicile of any party, and will be deemed for such purposes to have been made, executed, and performed in the State of Florida.

INITIALS: GM  HB

Page 5 of 7

14. <u>Construction</u>.  This Settlement shall be construed as if the Parties jointly participated in the preparation of this Settlement and any uncertainty and/or ambiguity shall not be interpreted against any one Party.

15. <u>Jurisdiction and Venue</u>.  The United States Bankruptcy Court for the Southern District of Florida, Miami Division, shall retain jurisdiction to enforce the terms of this Settlement.  Venue relating to this Settlement shall be proper in the United States Bankruptcy Court for the Southern District of Florida, Miami Division.

16. <u>Notices</u>.  All demands, notices, requests or other communications required or permitted hereby shall be in writing, and shall be deemed to have been given (i) when hand delivered to the applicable addresses provided below, (ii) on first attempted delivery at the applicable addresses provided below by United States certified mail or a reputable delivery service that is able to track the delivery of such notices or communications, (iii) when a facsimile confirmation receipt is received by the sender, if sent via facsimile, to the applicable facsimile numbers provided below, (iv) when received via email, or (v) at such different address or facsimile numbers as the Trustee or the Debtors shall hereafter specify by written notice as provided herein.

If to Trustee:     Nicole Grimal Helmstetter, Esq.
                   Ehrenstein Charbonneau Calderin
                   501 Brickell Key Drive, Ste. 300
                   Miami, Florida 33131
                   T. 305.722.2002     F. 305.722.2001
                   ngh@ecclegal.com

If to the Debtors: Jose A. Blanco, Esq.
                   Robert Sanchez & Associates, P.A.
                   355 West 49th Street
                   Hialeah, FL 33012
                   T. 305.687.8008     F. 305.512.9701
                   jblanco@bankruptcyclinic.com

INITIALS: *GH* *HB* *[initials]*

Page 6 of 7

17. **Authority.** Each of the Parties to this Stipulation hereby represents and warrants that it has full authority and power to execute, deliver, and perform this Settlement and consummate all of the transactions herein contained.

18. **Time of the Essence.** Time is declared to be of the essence of this Settlement and of every part hereof.

19. **No Admission of Liability.** Each of the Parties understands and agrees that this is a compromise of disputed claims made in order to avoid the significant costs and uncertainties of litigation and that the promises made in consideration of this Settlement shall not be construed to be an admission of any liability or facts whatsoever by any Party. By executing this Settlement, the Parties expressly deny any liability or fault related to their dispute.

20. **Modification.** No waiver or modification of a term or condition of this Agreement shall be valid or binding, unless it is in writing and executed by each of the Parties to this Settlement.

IN WITNESS WHEREOF, the Parties hereto have agreed to the terms set forth herein.

Signed, sealed and delivered:

Date: 7/15/15, 2015        _Gilma Moncada_
                           By:    Gilma Martiza Moncada, Debtor

Date: 7/15/15, 2015        _Hector A Barahona_
                           By:    Hector Alfonso Barahona, Debtor

Date: July 20, 2015        _[signature]_
                           By:    Jacqueline Calderin, Chapter 7 Trustee

INITIALS: GM  HB  [initials]

Page 7 of 7

# EXHIBIT "B"
# PROPOSED ORDER

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

*In re:*

GILMA MARTIZA MONCADA,                    Case No.: 15-16201-AJC

    <u>    Debtor.    </u>    /          Chapter 7

**ORDER APPROVING MOTION PURSUANT TO RULE 9019 TO APPROVE SETTLEMENT AND COMPROMISE BY AND BETWEEN JACQUELINE CALDERIN, CHAPTER 7 TRUSTEE, HECTOR ALFONSO BARAHONA AND THE DEBTOR**

THIS MATTER came before the Court upon the motion of Jacqueline Calderin, Chapter 7 Trustee (the "<u>Trustee</u>") of the estate of Gilma Martiza Moncada (the "<u>Debtor</u>"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and Local Rule 9013-1(D) [ECF#   ] (the "<u>Motion</u>") and upon the filing of a Certificate of No Response or Settlement [ECF #   ] filed by the Trustee in conjunction with the negative notice provisions set forth in the Motion. The Court, having reviewed the Motion, having taken judicial notice of the Court record in its entirety, finds that no objections to the Motion have been filed, that sufficient and proper notice

of the Motion was served on creditors and parties in interest, that the Settlement[1] is reasonable and in the best interests of creditors and that estate, and finding good cause to approve the Settlement, accordingly, the Court does **ORDER** as follows:

1. The Motion is **GRANTED**.

2. The Settlement under the terms set forth in the Motion is **APPROVED**. Upon entry of this order, The Debtors shall pay the Trustee in the form of a money order or a cashier's check payable to "Jacqueline Calderin, Trustee, for the benefit of the Estate", the total sum of Four Thousand Dollars and 00/100 ($4,000.00) (the "Payments"), over ten (10) months in the amount of $400.00 per month or provide a lump sum payment in the amount of Three Thousand Five Hundred Dollars and 00/100 ($3,500.00) on or before July 30, 2015 (the "Total Settlement Amount"). The Total Settlement Amount shall be allocated to the following non-exempt assets as follows:

*In re Gilma Maritza Moncada,* **No.: 15-16201-AJC**

| Scheduled | Property Description | Amount |
|---|---|---|
| B-13 | Moncada Services, Inc. | $ 250.00 |
| B-4 | Household Goods | $1,000.00 |

*In re Hector Alfonso Barahona,* **No.: 15-16202-AJC**

| Scheduled | Property Description | Amount |
|---|---|---|
| B-3 | Security Deposit | $1,000.00 |
| B-13 | Moncada Services, Inc. | $ 250.00 |
| B-4 | Household Goods | $1,500.00 |

3. The Payments or Total Settlement Amount shall be delivered to Trustee's counsel's office at 501 Brickell Key Drive, Suite 300, Miami, Florida 33131. **The check must clearly state the name of the Debtors and the case numbers**.

4. Pursuant to Paragraph 5 of the Agreement, if the Debtors default in timely remitting the Payments as set forth above or otherwise default in any other provision set forth in

---

[1] Any and all capitalized terms not expressly defined herein, shall bear the meaning ascribed to them in the Motion.

2

this Settlement, then the Trustee shall notify the Debtors of such default immediately in writing by U.S. Mail or Electronic Mail to counsel for the Debtors. If the Debtors do not cure the default within five (5) days of such notice from the Trustee, then the Trustee shall be entitled to (i) commence litigation against the Debtors, (ii) the entry of a final judgment against the Debtors for the Total Settlement Amount and the Trustee's reasonable fees and costs incurred in enforcing this Settlement upon motion and notice; and (iii) file objections, motions for reconsideration, or turnover actions as are appropriate and Paragraph 4 of this Agreement shall become null and void. Additionally, in the event the Debtors fail to make the aforesaid Payments on a timely basis, the Trustee shall be entitled to a revocation of the Debtors' discharge by motion pursuant to Rule 9024, Fed. R. Bank. P., and the Debtors explicitly waive the requirement of an adversary proceeding for such matter.

5. The Trustee is authorized to take any and all actions and execute any and all documents necessary to effectuate the terms of the Settlement.

6. The Court reserves jurisdiction to enforce the terms of this Order and the Settlement.

# # #

**SUBMITTED BY:**
Nicole Grimal Helmstetter
Florida Bar No: 86937
ngh@ecclegal.com
EHRENSTEIN CHARBONNEAU CALDERIN
*Counsel for Trustee*
501 Brickell Key Drive, Suite 300
Miami, Florida 33131
T. 305.722.2002      F. 305.722.2001

(Copy furnished to Attorney Helmstetter, who is directed to serve a copy of this Order upon all interested parties)

3